IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAMON MAURICE PARHAM #413494, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15-cv-00281 |
| ) | |
| JUDGE FISHBURN, et al., ) | Judge Campbell |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Plaintiff Damon Parham, a prisoner or pretrial detainee in the custody of the Davidson County Sheriff's Office, brings this *pro se* civil rights action under 42 U.S.C. § 1983. The complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and 42 U.S.C. § 1997e.

**I.  Standard of Review**

Under the PLRA, the Court must conduct an initial review of any civil complaint filed in forma pauperis, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in pro se suits."); *see also Brown v. Matauszak*, 415 F. App'x 608, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (citation and internal quotation marks omitted).

## II.    Factual Allegations

The plaintiff is being prosecuted in state court for promoting prostitution and simple possession of marijuana. (Docket Entry No. 1, at 8.) He essentially alleges that Judge Fishburn has violated his rights by identifying him as Damon Parham rather than "Parham, Damon Maurice," and by appointing counsel to represent him over his objection and allowing counsel to enter a not guilty plea on his behalf. (*Id.* at 9.) He also alleges that the Criminal Justice Center failed to transport him to court for arraignment on December 3, 2014, causing a "fraudulent" capias warrant to be issued for his arrest while he was already in custody. (Docket Entry No. 9, at 3.) He seeks damages of $1,000 per day since March 4, 2015, when he says the capias warrant should have been dismissed. He also seeks injunctive relief including having his case reassigned to another judge, a new arraignment, dismissal of his appointed counsel so that he can represent himself, to have the capias warrant removed from his record and to be released on bond. (Docket Entry No. 1, at 12.)

## III.    Analysis

The plaintiff brings suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting

under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

The plaintiff's claims in this case relate directly to the validity of the procedures employed in his criminal prosecution and may not proceed under § 1983 while the criminal charges are pending against him. The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement ... even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). Because *Heck*'s bar to civil suits only arises upon conviction, the Court would ordinarily follow the "common practice" and stay this action pending the resolution of the plaintiff's criminal prosecution. *See Wallace v. Kato*, 549 U.S. 384, 393--94 (2007). That is not necessary, however, because the plaintiff's lawsuit warrants dismissal regardless of whether *Heck* will ultimately apply.

The plaintiff's allegations in this case, taken as true for the purpose of this review, fail to state a claim under § 1983 against any of the named defendants. Judge Fishburn is absolutely immune from suit for damages under § 1983 for actions taken in his judicial capacity and with proper jurisdiction,[1] *Mireles v. Waco*, 502 U.S. 9, 10-11 (1991), and 42 U.S.C. § 1983 expressly provides that, except for circumstances not present in this case, "injunctive relief shall not be granted" "against a judicial officer for an act or omission taken in such officer's judicial capacity." Defendant Kovach, the public defender appointed to represent the plaintiff in his criminal case, "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). And finally, the plaintiff's claim against the Criminal Justice Center must be dismissed because the jail itself is not a "person" or entity subject to suit under § 1983. *See Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (county

---

[1] Although the plaintiff has made references to a lack of jurisdiction in the state court (Docket Entry No. 1, at 9, 10; Docket Entry No. 9, at 4), his acknowledgment that he was arrested and charged with promoting prostitution and simple possession of marijuana (Docket Entry No. 1, at 8) establish the state court's jurisdiction.

jail is a department of the county and not a legal entity susceptible to suit); *Travis v. Clinton Cnty. Jail*, No. 1:10-cv-1276, 2011 WL 447000, at *2 (W.D. Mich. Feb.4, 2011) ("The jail is a building, not an entity capable of being sued in its own right."). The claims against all of the defendants must therefore be dismissed as a matter of law.

**IV.     CONCLUSION**

For the reasons set forth above, this action will be **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted. An appropriate Order is filed herewith.

*Todd Campbell*
Todd Campbell
United States District Judge